**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| WINNEMUCCA INDIAN COLONY; SHARON WASSON; THOMAS WASSON; JUDY ROJO; ELVERINE CASTRO; PETER LITSTER; STEPHEN ERICKSON; KIM TOWNSEND; VIRGINIA SANCHEZ; JACK MALOTTE; ARVILLA MASCARENAS; PATRICIA AXELROD, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> UNITED STATES OF AMERICA; ROBERT M. GATES, Secretary of the United States Department of Defense; LINTON BROOKS, Director of the National Nuclear Security Administration; JAMES TEGNELIA, Director of the Defense Threat Reduction Agency, <br><br> Defendants - Appellees. | No. 09-15176 <br><br> D.C. No. 2:06-cv-00497-LDG-PAL <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Nevada
Lloyd D. George, Senior District Judge, Presiding

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted October 6, 2010[**]
San Francisco, California

Before: THOMPSON, FERNANDEZ and SILVERMAN, Circuit Judges.

Plaintiffs Winnemucca Indian Colony and several individuals living downwind from a southern-Nevada-bomb-test site appeal the district court's order denying their motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A). We have jurisdiction under 28 U.S.C. § 1291 and we affirm.

Only a "prevailing party" is entitled to attorney's fees under the EAJA. 28 U.S.C. § 2412(d)(1)(A). "[A] litigant must meet two criteria to qualify as a prevailing party. First, he must achieve a 'material alteration of the legal relationship of the parties.' Second, that alteration must be 'judicially sanctioned.'" *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)).

The district court here granted the government's motion to dismiss because its voluntary cancellation of a planned bomb test had mooted Plaintiffs' case. The court never ordered that the test be canceled or even postponed. The government

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

repeatedly postponed the test of its own volition until it finally decided to scrap the plan entirely. The court did not enter any consent decree or adopt any voluntary stipulation by the parties that required the government to cancel the test. All it did was deny Plaintiffs' TRO motions as moot and grant the government's motion to dismiss for lack of jurisdiction. Those orders do not provide any enforceable relief against the government, so they are insufficient to confer prevailing party status on the Plaintiffs. *See Klamath Siskiyou Wildlands Ctr. v. United States BLM*, 589 F.3d 1027, 1031 (9th Cir. 2009).

Plaintiffs argue that the court entered two other orders that meet the judicial sanction requirement under the EAJA. The first, a docket entry stating that the government had informed the court that it would provide thirty-days notice before any planned test, is not an order at all. The second is an interim order directing the maintenance of the status quo while the court considered Plaintiffs' motion for attorney's fees. The court entered this order after the government had already notified Plaintiffs and the court that it had permanently cancelled the test. Plaintiffs suit was not primarily concerned with ensuring that the government took no action while the court considered their attorney's fees motion, and the interim order does not provide any enforceable relief against the government now that the case has been dismissed. The order therefore did not effect a material alteration of

the legal relationship of the parties and is insufficient to confer prevailing party status on Plaintiffs.  *See Klamath*, 589 F.3d at 1030-32.

AFFIRMED.